# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-668

JAMES J. CONVY, III

VERSUS

KAREN ANN LOFTIN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 68,480-B
HONORABLETHOMAS F. FUSELIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

Alex D. Chapman, Jr.
Attorney at Law
801 W. Lincoln Road
Ville Platte, LA 70586
(337) 363-2229
Counsel for Plaintiff/Appellant:
    James J. Convy III

Kathy Fontenot-Meyers
Attorney at Law
P. O. Box 268
Ville Platte, LA 70586
(337) 363-3804
Counsel for Defendant/Appellee:
    Karen Ann Loftin

**DECUIR, Judge.**

James Convy III (James III) and his wife, Beth, appeal a judgment of the trial court finding no basis for revocation of their inter vivos donation to their son, James Convy IV (James IV), and his fiancee, Karen Loftin.

## FACTS

In anticipation of the wedding of James IV and Loftin, James III and Beth gave the couple $20,000.00 for a down payment and furnishings for a house. On June 23, 2005, the young couple purchased a home in Ville Platte, Louisiana. On August 13, 2005, James IV and Loftin were married in an elaborate ceremony at Nottaway Plantation. After the wedding, the couple lived in the home in Ville Platte.

Some seven weeks later, for reasons not described in detail, James IV moved out of the home and left the state. Loftin continued to reside in the home. In due course, the couple was divorced.

James III and Beth were understandably dismayed by this turn of events and subsequently filed suit against Loftin to revoke the donation made for the purchase of the home. James IV was not made a party to the suit. The trial court, while sympathetic to their plight, concluded that James III and Beth failed to establish grounds for revocation of the donation. This appeal ensued.

## DISCUSSION

James III and Beth argue that the trial court erred in law and fact by concluding that the were not entitled to revoke the donation. We disagree.

Louisiana Civil Code Article 1559 provides that an inter vivos donation may only be revoked due to ingratitude of the donee, the non-fulfillment of a suspensive condition, the non-performance of a potestative condition, or the legal or conventional return.

In order to revoke a donation for ingratitude, the donor must show that the donee attempted to take the donor's life, has refused the donor food when he was in

distress, or the donee has been guilty of cruel treatment, crimes, or grievous injuries toward the donor. La.Civ. Code Art. 1560. After reviewing the record, we find no error in the trial court's conclusion that there is no basis for revocation based on ingratitude.

Appellants next contend that the donation should be revoked because the donation was subject to the suspensive condition that the parties would remain married. Clearly, the donation was not subject to a suspensive condition of a long marriage, because the donation was made prior to the actual marriage and, thus, could not be the basis for revocation. *See* La.Civ.Code art. 1565.

Finally, James III and Beth contend that the donation should be revoked because it was subject to the potestative condition that the couples remain married. The evidence in the record does not support this contention. The donation was made before the parties were married. Even assuming arguendo that the donation was with the condition that the couple use the funds to purchase and furnish a house for their marital home, the condition would be fulfilled. The couple did in fact purchase a house with the funds and subsequently married and resided in the home as their marital domicile. Moreover, James III and Beth, by their own testimony, acknowledge that they never contemplated that the couple would not stay married. Thus, on the record before us, we find no error in the trial court's conclusion that James III and Beth failed to establish grounds for revocation of the donation.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellants, James Convy, III and Beth Convy.

**AFFIRMED.**